191 N.J. Super. 622 (1983)
468 A.2d 740
MARIE K. DALY AND JAMES P. DALY, PLAINTIFFS,
v.
THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., AND THE COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided September 13, 1983.
*624 Peter N. Perretti, Jr. for plaintiffs (Riker, Danzig, Scherer & Hyland, attorneys).
Martin H. Cowen for plaintiffs on this application (Slavitt, Fish & Cowen, attorneys).
No appearance was required on behalf of any of the remaining parties.
SIMPSON, A.J.S.C.
This is an application under R. 1:21-7(f) for approval of an attorney's fee in excess of the contingent fee provided for in a retainer agreement or allowable under R. 1:21-7(c). The fee agreement, dated August 26, 1976, was slightly less than allowable pursuant to the R. 1:21-7(c) schedule in effect at the time, but virtually all the attorney's services in this personal injury negligence and strict liability action occurred after the November 1, 1976 effective date of the rule amendment increasing the percentages. Under these circumstances, it is appropriate to consider the R. 1:21-7(f) application in the light of the present scale. Buckelew v. Grossbard, 189 N.J. Super. 584, 586 (Law Div. 1983).
The requested increase of $6,250 is slightly less than the amount currently allowable under R. 1:21-7(c) and is consented to by plaintiffs and their independent counsel. Although not controlling, such concurrences are entitled to consideration. Murphy v. Mooresville Mills, 132 N.J. Super. 197, 200 (App.Div. 1975).
In addition to full preparation of a difficult case, a seven-day trial was required and the net aggregate recovery for *625 husband (per quod) and wife pursuant to R. 1:21-7(d) was $113,070. An appeal was taken by the culpable defendant, but the judgment was affirmed in April 1983. Although disbursements and prejudgment interest have been deducted from the total recovery for purposes of counsel fee calculation, in accordance with R. 1:21-7(d) and R. 4:42-11(b), the present application seeks approval of a counsel fee calculation on post-judgment interest earned pursuant to R. 4:42-11(a) until affirmance on appeal and actual payment of the proceeds. This is appropriate since R. 1:21-7(d) does not otherwise provide for additional counsel fees for legal services on any appeal, review proceeding, or retrial. Post-judgment interest was $36,801, and when added to the net aggregate recovery of $113,070, the total for purposes of counsel fee calculations was $149,871. The retainer, request, fee schedules, and approved fee calculations are:

 I. Retainer
 % On Totals
 33 1/3 $ 50,000.00 $ 16,666.67
 20 50,000.00 10,000.00
 10 49,871.00 4,987.10
 ___________ ___________
 $149,871.00 $ 31,653.77
 =========== ===========
 II. Request
 % On Totals
 33 1/3 $ 50,000.00 $ 16,666.67
 25 50,000.00 12,500.00
 17.51 49,871.00 8,736.33
 ___________ ___________
 $149,871.00 $ 37,903.00
 =========== ===========

*626
 III. Fee Schedule Before November 1, 1976
R. 1:21-7(c) % On Totals
(1) 50 $ 1,000.00 $ 500.00
(2) 40 2,000.00 800.00
(3) 33 1/3 47,000.00 15,666.67
(4) 20 50,000.00 10,000.00
(5) 10 49,871.00 4,987.10
 ___________ ___________
 $149,871.00 $ 31,953.77
 =========== ===========
 IV. Fee Schedule After November 1, 1976
R. 1:21-7(c) % On Totals
(1) 50 $ 1,000.00 $ 500.00
(2) 40 2,000.00 800.00
(3) 33 1/3 47,000.00 15,666.67
(4) 25 50,000.00 12,500.00
(5) 20 49,871.00 9,974.20
 ___________ ___________
 $149,871.00 $ 39,440.87
 =========== ===========

The result of the above calculations, and this court's approval of a total reasonable fee of $37,903 in the light of all the circumstances, pursuant to R. 1:21-7(f), is that a 17.51% multiplier is applied to the portion of recovery that under the current rule would permit 20%. The requested and approved dollar increase of $6,250 includes a portion of recovery to which a 25% multiplier is allowed under the current rule instead of the former 20% on the second $50,000. Application of the old 10% multiplier to recovery over $100,000 in difficult cases like this one is contraindicated  as not supportive of the goal of attaining the maximum aggregate marginal benefit for both the attorney and client. Merendino v. FMC Corp., 181 N.J. Super. 503 (Law Div. 1981).
The submitted consent order has been executed in accordance with the foregoing.