193 N.J. Super. 737 (1983)
475 A.2d 698
ARNOLD HARRIS, PLAINTIFF,
v.
JAMES BOLAND, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided December 28, 1983.
*738 Kenneth D. Iulo for plaintiff.
No appearance required by any remaining parties.
SIMPSON, A.J.S.C.
This is an application under R. 1:21-7(f) for approval of an attorney's fee in excess of the contingent fee provided for in a retainer agreement or allowable pursuant to R. 1:21-7(c). The agreement, dated December 15, 1978, accords with R. 1:21-7 except that instead of the percentages in subsection (c) it provides for a contingent fee of "one-third of the net recovery subject to the Rules of Court." The application is for such one-third, counsel having contracted for less than the 50% and 40% permitted under subsection (c)(1) and (2) as to the first $1,000 recovered and next $2,000 recovered, respectively. The net aggregate recovery was $244,361 calculated pursuant to R. 1:21-7(d) by deducting $5,639 of disbursements from the gross *739 recovery of $250,000. In effect, the requested increases are from 25% to 1/3 on the second $50,000 of recovery and from 20% to 1/3 on the last $144,361 of recovery:

R. 1:21-7(c) % On Allowable Requested
(1) Retainer Agreement 33 1/3 $ 1,000.00 $ 333.33 $ 333.33
(2) Retainer Agreement 33 1/3 2,000.00 666.67 666.67
(3) Rule 33 1/3 47,000.00 15,666.67 15,666.67
(4) Rule 25 50,000.00 12,500.00 16,666.67
(5) Rule 20 144,361.00 28,872.20 48,120.33
 ___________ __________ __________
 $244,361.00 $58,038.87[*] $81,453.67[**]
 =========== =========== ==========
[**] Requested fee rounded to $81,453.00
[*] Allowable per rule rounded to 58,038.00
 __________
 Requested increase $23,415.00
 ==========

In this case the claimed inadequacy of the counsel fee allowable under R. 1:21-7(c) is "thoroughly substantial and documented"[1] and the sought fee is "... a reasonable fee in light of all the circumstances." R. 1:21-7(f); Murphy v. Mooresville Mills, 132 N.J. Super. 197 (App.Div. 1975); Buckelew v. Grossbard, 189 N.J. Super. 584 (Law Div. 1983). Although the motor vehicle type of accident and the back and knee injuries involved were not particularly unusual, there were certain difficulties with the ensuing litigation that fully justify the allowance of a one-third fee.
Plaintiff was injured on December 8, 1978 when the bus he was driving was struck by a car going the wrong way on a one-way street. The explanation was that the car was out of control because the gas pedal had stuck, the brakes had failed, and the gear shift was stuck in "drive." A "sudden emergency" defense sought to reduce any verdict under the law of comparative negligence, and injury causation was questioned in view of the facts that none of the bus passengers were injured and the damage to the bus was only $223. There was extensive *740 trial preparation and a totally inadequate $50,000 settlement offer in light of a $37,000 workers' compensation lien. A six-day trial resulted in a jury verdict of no cause of action. The trial judge granted a motion for a new trial on the ground that the verdict was against the weight of the evidence, and defendant appealed. Plaintiff moved to expedite the appeal and cross-appealed to challenge the doctrine of "sudden emergency." Following a prompt Appellate Division affirmance of the granting of a new trial, there was extensive preparation for the second trial. An inadequate increased settlement offer of $75,000 was followed by another six-day trial resulting in a $250,000 verdict and finding of no contributory negligence by plaintiff. Counsel had effectively utilized the new "time-unit" closing argument authorized by R. 1:7-1(b)[2], but the very successful result naturally caused a defense motion and notice of appeal from the second trial judge's denial thereof. A dispute also arose as to prejudgment interest that totalled $116,136.98 and appeal was also filed by defendant from the order allowing same. The litigation finally ended after almost five years by plaintiff's acceptance of $100,000 prejudgment interest  upon which sum no counsel fee is allowable nor sought.
Plaintiff fully supports counsel's request for an increased fee, and although not controlling, such concurrence is entitled to consideration. Murphy v. Mooresville Mills, supra; Daly v. A & P, 191 N.J. Super. 622 (Law Div. 1983). In addition to supporting testimony before the assignment judge, plaintiff's handwritten note attached to the application convincingly sets forth his conviction that counsel has fully earned the requested increase. The trial judge also recommended an increased fee. The application is allowed as requested, in the amount of $81,453 together with disbursements of $5,639.
*741 The submitted order has been completed in accordance with the foregoing and counsel should file copies of all papers on this application with the Administrative Office of the Courts in accordance with R. 1:21-7(f).
NOTES
[1] See Pressler, Current N.J. Court Rules, Comment R. 1:21-7(f) (1984).
[2] See Pressler, Current N.J. Court Rules, Comment R. 1:7-1(b) (1984).